## KEENEY v. TREDWELL.

(Supreme Court, Appellate Division, Second Department.  April 25, 1902.)

ATTORNEY AND CLIENT—RETENTION OF MONEYS—ORDER FOR PAYMENT.

A motion by a client to compel an attorney to pay over moneys alleged to have been improperly retained by him is addressed to the court's discretion, and it is for it to say under what circumstances it will entertain such proceedings.

Appeal from special term, Kings county.

Motion by Caroline Keeney, as executrix, to compel Wilbur F. Tredwell to pay over certain moneys received by him as attorney. From an order denying the motion, petitioner appeals.  Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Alexander S. Bacon, for appellant.

Horace Graves, for respondent.

WOODWARD, J.  The petitioner, as one of the executors of the last will and testament of the late John H. Damon, moved this court at special term to compel the respondent to pay over to her certain sums of money alleged to have been improperly retained by him as attorney for the executors.  The learned court, upon the reading of the affidavits submitted, reached the conclusion that the motion should be denied, and an order was entered accordingly. The petitioner appeals.

The respondent is an attorney and counselor of this court, and while it is not to be doubted that the court has power, in a proper case, to take summary action in behalf of a wronged client, this power should always be exercised with great prudence and caution, and a sedulous regard for the rights of the client, on the one hand, and of the attorney, on the other.  It is not an absolute right that the client has to invoke this severe and summary remedy against the attorney, but one always subject to discretion.  It is for the court to say when and under what circumstances it will entertain such proceedings against its officers, upon the application of the client, and a refusal to proceed in that way is not the denial of any legal right.  Schell v. Mayor, etc., 128 N. Y. 67, 69, 27 N. E. 957, and authorities there cited.  An examination of the matter now before us does not lead us to conclude that the discretion reposed in the court at special term was improperly exercised.  The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.  All concur.