## In re NELLIS.

(Supreme Court, Appellate Division, Third Department. November 14, 1906.)

1. ATTORNEY AND CLIENT—LIABILITY OF ATTORNEY—SUMMARY REMEDIES OF CLIENT.

Petitioner alleged that he and his son, a minor, being tenants in common of certain real estate, and desiring to mortgage the same, defendant acted as attorney of record in obtaining the mortgage, in which proceedings petitioner was appointed guardian for his son, and joined in a mortgage for

$3,000, which he alleged he had never received from the defendant. Defendant testified that said sum was paid to him by petitioner to be paid by him as the latter directed, and showed an itemized account of disbursements. *Held*, that it was a proper exercise of the court's discretion to refuse to permit petitioner to proceed in a summary manner against the defendant as an attorney to require him to pay over the sum, and to dismiss his application without prejudice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 266–269.]

**2. SAME.**

The right of a client to proceed in a summary manner by application against an attorney to compel him to pay over moneys received by him is not an absolute one, but is subject to the discretion of the court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 266–269.]

Appeal from Special Term, Montgomery County.

Proceedings in summary manner by application by James W. Nellis for an order to require Henry M. Eldredge to pay over moneys alleged to have been received by him as attorney for the applicant. From an order in favor of said Eldredge, said Nellis appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, COCHRANE, and KELLOGG, JJ.

J. S. Sitterly, for appellant.
H. M. Eldredge, for respondent.

CHESTER, J.   The proceeding is one in form to require an attorney to pay over moneys alleged to have been received by him which belonged to his client.   The moneys in question are alleged to have been received by the defendant 10 years ago.   It appears that the petitioner and his son, who was then an infant, but who is now 29 years of age, were tenants in common of certain real estate, and that the defendant acted as the attorney of record in proceedings taken in 1896 to mortgage the interest of such infant in said real property for the purpose of paying prior mortgages thereon and paying debts incurred in erecting new buildings thereon.   In such proceedings the petitioner was appointed special guardian of the infant, and the petitioner himself joined in the mortgage, which was for $3,000, and which was given to one Isidore M. Lawrence.   The petitioner claims that he never has received any of the avails of said mortgage from Lawrence, nor from the defendant; that it was all paid to the defendant, and that he has not disbursed it as required by the order in said proceedings.   The petitioner further claims that his son, since becoming of age, has commenced proceedings against him to compel him to render an account as such special guardian, and that the petitioner is not able to render such account until he can get an accounting from and a payment by the defendant of the moneys in question.

The defendant on the other hand, in answer to the petition, swears that all of said sum of $3,000 was paid to him by the petitioner to be paid out as the latter directed, and that the same was paid as he directed and ordered, and not otherwise.   He further submits a verified and itemized statement showing the payment of all of said sum in various amounts and upon various dates between June and December, 1896.

Such statement and the defendants' affidavit show that considerable amounts of these moneys were paid by the defendant to the petitioner in cash or in settlement of various notes or other of his obligations. They also show the payment of considerable amounts as directed by the order in the proceedings to mortgage the property. The court denied petitioner's application without prejudice to his right to bring an action for such relief as he may deem himself entitled to. The right to maintain a proceeding of this character is not an absolute one, but is subject to the discretion of the court. Matter of Kenney, 71 App. Div. 521, 75 N. Y. Supp. 1097. We think, under the circumstances presented here, the disposition made by the learned trial court was a reasonable and proper exercise of its discretion. This is not the ordinary case of an attorney collecting money and withholding it from his client. If, as claimed by the defendant, all of said sum of $3,000 has been paid out by him as directed by the petitioner and as seems probable from such statement, it would seem that he at least can have no just cause for complaint, because the court declined to permit him to invoke the extraordinary powers resting in it by this summary proceeding to compel the defendant to again pay the moneys to him, in order that he may in turn account to his son. The direction of the order in the proceedings to mortgage, with respect to the application of the proceeds of the mortgage, was to the special guardian, who was this petitioner, and not to his attorney, and if, after the moneys have been paid to him or pursuant to his direction, it appears that they have not been fully applied in accordance with such direction, it furnishes no reason why the court should proceed summarily against his attorney. If he has a grievance it was proper, after the delay of ten years in moving, to leave him to his remedy by action.

The order should be affirmed, with costs. All concur.