In re HESS.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

ATTORNEY AND CLIENT (§ 126*)—SUMMARY REMEDIES OF CLIENT—WHEN AUTHORIZED.

　　A motion by an executor to compel an attorney to refund money paid by the executor for services rendered by the attorney is a motion to review in a summary proceeding under the general power alleged to be possessed by the court to control its officers a voluntary payment by a client, out of moneys in his possession, to an attorney for services rendered; and it is error to appoint a referee to hear and determine the value of services of the attorney and his right to retain the money paid.

　　[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 126.*]

Appeal from Special Term, New York County.

In the matter of the application of Henry Hess, Jr., sole surviving executor of Caspar Hirtler, deceased, for an order directing George Finck and others, copartners under the firm name of Finck, Embree & Cobb, to repay money. From an order appointing a referee, George Finck and others appeal. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Finck, Embree & Cobb, for appellants.

Hitchings & Palliser (Hector M. Hitchings, of counsel), for respondent.

CLARKE, J. Henry Hess, Jr., as sole surviving executor and trustee under the last will and testament of Caspar Hirtler, deceased, on or about February 3, 1906, employed as counsel the firm of Finck, Embree & Cobb, attorneys and counselors at law. On September 1, 1906, for services rendered to August 24, 1906, the appellants were paid on account of legal services the sum of $2,000. On or about the 1st of October, 1906, the account of the executor was filed, in which this item appeared, and in November, 1906, an action was begun for the construction of the will and for the settlement of the executor's account. A trial was had on September 9, 1907, and a judgment was entered on June 9, 1908, in which the petitioner was charged with $113,978.34 balance remaining in his hands, as shown by said account referred to and annexed to the complaint, with interest thereon from October 1, 1906.

The amount of the payment of said $2,000 was thereby passed upon and approved, and the court granted an extra allowance to the appellants of $1,000, together with costs to be taxed. In the meanwhile, and while said suit was pending, and on the 25th of July, 1907, and upon the request of the appellants, the executor paid to them on account of services rendered the sum of $1,000. As the account which had been filed, and was considered, passed upon, and approved in said action, was only down to October 1, 1906, in the ordinary course of proceedings, a supplemental account would thereafter have been filed and passed upon for transactions had and expenses paid after the

date of said account. Subsequently the executor desired to change his attorneys, and, upon consent of the appellants, an order of substitution was entered and all the papers delivered to the substituted attorneys. Thereafter a motion was made to compel the appellants to repay the $1,000 which they had received on the 26th of July, 1907, which had been paid upon their request for payment on account for services rendered up to that time, and, upon said motion, an order was entered appointing a referee to hear and determine the value of the services of said firm of Finck, Embree & Cobb in this proceeding, and their right to retain the sum of $1,000 paid to them by Henry Hess, Jr., on the 26th day of July, 1907, from which order the said firm appeals.

This is not a proceeding to compel an attorney to account for moneys of the client collected for his client and retained by him. It is to review in a summary proceeding under the general power claimed to be possessed by the court to control its officers a voluntary payment by a client from moneys in his possession to an attorney for services rendered. While the supervisory and disciplinary power of the court over its officers exists, we do not think that it should be exercised to the extent attempted by the order appealed from.

The order should, therefore, be reversed, with $10 costs and disbursements to the appellants, and the motion denied with $10 costs. All concur.