In the matter of charges against Rollin Tracy, an attorney, of professional misconduct. Judgment of censure.

See, also, 133 N. Y. Supp. 1147.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Paul M. Herzog, of New York City, for petitioner.

Eugene Frayer, of New York City, for respondent.

PER CURIAM. The respondent in this case was charged with having received, on account of two clients, several small sums of money, which he failed to pay to them and were not paid until after the commencement of these proceedings. The respondent did not take the stand on his own behalf, and the charges against him were proved by undisputed testimony.

The respondent is 71 years of age, having been admitted to practice in 1863, and during a large portion of the time that this money was unpaid was seriously sick. The official referee, while finding that the respondent was guilty of the charge, has recommended that, in view of the extenuating circumstances detailed in his report, the respondent be treated with clemency.

While we cannot too strongly condemn the conduct of the respondent, and severely censure him for his failure to properly account to his clients for the money that he had collected, we adopt the suggestion of the referee, and with this censure take no further proceedings.

---

ANDERSON et al. v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

ATTORNEY AND CLIENT (§ 126*)—SETTLEMENT BY ATTORNEY.

Where attorneys of record received money from their client under an agreement to apply it primarily to the costs and disbursements, the Supreme Court, under its power to compel attorneys to deal fairly with clients, should have compelled such attorneys to refund to the clients any surplus of the amount advanced as agreed.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 264–273; Dec. Dig. § 126.*]

Appeal from Special Term, New York County.

Action by William S. Anderson and another against the New York & Harlem Railroad Company, James C. Bushby, and others. From an order denying a motion to require defendant Bushby to pay back certain moneys to plaintiffs, they appeal. Reversed, and motion granted.

See, also, 130 App. Div. 904, 115 N. Y. Supp. 1110; 136 App. Div. 939, 121 N. Y. Supp. 1124.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

H. A. Andrewes, of New York City, for appellants.

Max D. Steuer, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J.   The plaintiffs were formerly the owners of the premises 702 and 706 Park avenue, in the borough of Manhattan. This action was brought upon an agreement for the reservation of the damages caused by the viaduct of the defendant railroad companies in front of said premises.   Plaintiffs retained as their attorneys in said action the firm of Bushby & Berkeley, composed of James C. Bushby and L. M. Berkeley.   The action was commenced in April, 1906, by the said firm as attorneys of record.   Their compensation under the contract of retainer was contingent upon ultimate success. On April 22, 1907, plaintiffs paid said Berkeley as the representative of said firm of Bushby & Berkeley the sum of $500 on account;  it being agreed that the said sum should be applied primarily for the costs and disbursements of the litigation, and that the surplus, if any, should be applied on account of attorneys' services in said case, and that the balance of the attorneys' compensation should be contingent on ultimate success.   Berkeley on April 23, 1907, remitted $75 of the said sum of $500 to said Bushby.   Thereafter the case was tried, and resulted in a judgment for the plaintiffs.   Defendants appealed, and the Appellate Division reversed the judgment and ordered a new trial, on which trial the complaint was dismissed with $1,295.83 costs against the plaintiffs.   This judgment was affirmed by the Appellate Division with $98.72 more costs, which judgment was affirmed by the Court of Appeals with $146.59 costs.   These costs, together with the disbursements for expert witnesses, for stenographer's minutes, printing, and other expenditures, largely exceeded the $500 advanced under the agreement as aforesaid.   After the retainer the firm of Bushby & Berkeley was dissolved, but they remained as attorneys of record in this case.   Berkeley has accounted to the plaintiffs for the $425 retained by him out of the said $500, but Bushby has wholly refused, although requested, to pay back said sum of $75 received by him, or to apply it on account of said costs and disbursements.   The order appealed from was made upon a motion by the plaintiffs to compel the respondent Bushby to repay said moneys so received by him.   The Special Term having denied the motion, this appeal is taken.

The moneys having been received by the attorneys of record for the specific purpose set forth, and there being no denial of the material facts alleged, we see no reason why the power of the Supreme Court over its attorneys at law to compel them to deal fairly with their clients should not have been exercised.   If there had been a dispute as to material facts, the court could have sent the matter to a reference or have taken proof itself.   As there was none, the motion should have been granted.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.   All concur.