In the Matter of the Application of MICHAEL BUCKEN, Appellant, for an Order Requiring EMANUEL A. BUSCH, Respondent, to Pay over Certain Moneys Received in His Capacity as Attorney and Counselor at Law.

First Department, December 1, 1922.

**Attorney and client — summary proceedings to compel attorney to return money paid to him as fee — petitioner was represented by attorney on criminal charge for disorderly conduct and pleaded guilty on advice of attorney — attorney agreed to act for petitioner for $200, but later increased fee to $550 — proceeding is maintainable and is referred to official referee.**

The courts will entertain a summary proceeding instituted by a client to compel an attorney to return to the client money paid to him as a fee, where it appears that the client was charged with felonious assault, but the magistrate refused to entertain that charge and held the petitioner on a charge of disorderly conduct to which he pleaded guilty on advice of the attorney and was fined $10; that the attorney agreed to represent him for $200, but when he learned that the petitioner had $1,000 in a savings bank he increased the charge to $550, which the petitioner paid upon the representation of the attorney that the criminal charge against the petitioner was very serious.

The charge of such overreaching rapacity, made possible through ignorance and fear, calls for a speedy hearing and determination, and the matter will be referred to an official referee.

APPEAL by the petitioner, Michael Bucken, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of September, 1922, denying petitioner's motion for an order requiring respondent to return to petitioner certain moneys paid by petitioner to respondent as a counsel fee.

*John E. Donnelly* of counsel, for the appellant.

*Herman Joseph* of counsel, for the respondent.

Finch, J.:

This is a summary proceeding to recover moneys paid to an attorney. The facts in so far as they are necessary to call attention to the questions involved are briefly as follows:

A magistrate refused to entertain a charge of felonious assault against the petitioner, but did entertain one of disorderly conduct, upon which the petitioner pleaded guilty upon the advice of the respondent and was fined ten dollars. Respondent, who is an attorney, allotted a portion of his office to a person in the bonding business, who bonded petitioner in the sum of $1,000 bail and respondent was subsequently retained by the petitioner to represent him. The petitioner, who was a laborer, had in a savings bank $1,000 saved from his wages. The petitioner claims that the respondent was to charge him $200, but when he learned of the amount in the bank (the bank book being kept by the bondsman), the charge was increased to $550 which petitioner paid upon the representation of the respondent that the charge was very serious and that the petitioner was sure to go to prison. The respondent admits saying that the charge was serious and that his fee was to be $350 of which he was paid in advance $300.

While ordinarily the court will not entertain a summary proceeding to test the fairness of a contract but will remit the petitioner to his remedy at law (*Matter of Jeffries*, 219 N. Y. 573), yet this power unquestionably does exist in the court, and the facts in the case at bar would seem to require its exercise. The outstanding facts are that the charge was at most one of disorderly conduct and the petitioner pleaded guilty upon the advice of the respondent and was fined ten dollars. Respondent seeks to justify his fee by claiming a long interview with the deputy assistant district attorney in charge and a long talk with the arresting officer, and making a plea for clemency to the magistrate. A charge of such overreaching rapacity, made possible through ignorance and fear, calls for a speedy hearing and determination. An officer of this court has a particular obligation to do what is proper and right under the circumstances of a given case, and this the respondent, in so far as it is possible to judge from the papers (but which will appear more fully upon the hearing), has not done.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the matter referred to an official referee.

Clarke, P. J., Dowling, Page and Greenbaum, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and matter referred to an official referee. Settle order on notice.