In the Matter of the Petition of MARION Z. ANDERSON, as Executrix of the Estate of EDWARD N. ANDERSON, Deceased, to Determine the Compensation of an Attorney for Services Rendered to the Estate.

Surrogate's Court, Kings County, March 12, 1930.

*G. W. & W. M. Winans*, for the petitioner.

*Edmund Fletcher Driggs*, respondent, and attorney in person.

WINGATE, S.   This is an application professedly instituted under section 231-a of the Surrogate's Court Act for the purpose of determining the reasonable value of the services of petitioner's former attorney who has since been discharged.   It appears that the services were partly rendered for the estate of which the petitioner is executrix and sole beneficiary and partly for the petitioner as an individual.   The former consisted of the probate of the will and the collection of certain sums under an insurance policy, and the latter related to the collection of the principal sum on an insurance policy in which the widow was the individual beneficiary. The total fee charged by the attorney was $4,684.85.   The testimony adduced on behalf of the petitioner fixes the fair value of the services, on both accounts, at $1,000.   The sum charged was actually paid and receipted for.

The respondent challenges the jurisdiction of the court to pass upon the question. In this, the court is of the opinion that he is partly right and partly wrong. He is right in claiming that his transactions with the widow respecting the insurance payable to her individually are not subject to the review of this court. They had nothing to do with the estate and are, therefore, not within the cognizance of the surrogate.

On the other hand, the payments for services to the estate are distinctly within the cognizance of the court, not by reason of the provisions of section 231-a, but as a result of the powers given to the court under section 40 of the act. (*Matter of Morris,* 134 Misc. 374, and cases cited.)

The jurisdiction of courts over attorneys at law practicing before them has been established since the earliest times, and it has been repeatedly held that not only can overreaching or fraud be remedied by ordinary process but that, upon a proper showing, it may be dealt with summarily. As is said by the Court of Appeals in *Schell* v. *Mayor, etc.* (128 N. Y. 67, at p. 68): " The usual and ordinary remedy of a party, for the enforcement of a claim against another, is an action in a court of law or equity but, as between attorney and client, it has long been settled that a proceeding of this character, to compel the attorney to pay over money received by him and which belongs to the client, may be entertained and is within the power of the court. The principle upon which this exceptional remedy in such cases is based, is the power which the court has over its own officers to prevent them from, or punish them for, committing acts of dishonesty or impropriety calculated to bring contempt upon the administration of justice. In such cases the court, in vindication of its own dignity or for the relief of the client when clearly wronged, may entertain summary proceedings by attachment against any of its officers, and may, in its discretion, direct the payment of money or punish them by fine or imprisonment. When an application is made to the court for the exercise of its powers to compel an attorney to pay over money received for and belonging to the client, the ground of the jurisdiction is the misconduct of its own officer. It has been said that this power should always be exercised with great prudence and caution and a sedulous regard for the rights of the client on the one hand and of the attorney on the other. It is not an absolute right that the client has to invoke this severe and summary remedy against the attorney, but one always subject to discretion. It is for the court to say when and under what circumstances it will entertain such proceedings, against its officers, upon the application of the client, and a refusal to proceed in that way is not the denial of any legal right."

To like effect see *Matter of Keeney* v. *Tredwell* (71 App. Div. 521, 522).

That this summary jurisdiction obtains to recover an exorbitant fee which has actually been paid, is evident from the determination in *Matter of Bucken* v. *Busch* (203 App. Div. 717). (See, also, *Matter of Dollar*, 103 Misc. 137; affd., 194 App. Div. 948; affd., 231 N. Y. 545.)

On the other hand, courts have demonstrated that they are uniformly loath to exercise this drastic power and have usually declined to do so where the rights of the client and the wrong of the attorney were not perfectly evident, remitting the parties to their usual action. (*Matter of Bailey* v. *Rutherford*, 242 N. Y. 220, 223, 224; *Matter of Jeffries*, 219 id. 573; *Matter of Gross* v. *Vogel*, 196 App. Div. 358, 360; *Matter of Neville*, 71 id. 102.)

It is unquestionable, as was stated in the *Dollar Case* (103 Misc. 137; affd., 231 N. Y. 545), that " Surrogates' Courts now have the same powers of control over the conduct of attorneys practicing in those courts that other courts of record have under like circumstances."

As a result, it must be held that the court has ample power and authority to determine the propriety of a recovery by the estate in the instant case of a part of the fees charged to it by the attorney and paid by the executrix. As the record now stands, however, insufficient proof has been adduced to warrant a decision since the only testimony of the value of the services rendered covered both the services performed for the estate, over which this court has jurisdiction, and those rendered for the widow personally, over which it has not.

Two possible courses are open to the petitioner, namely, to institute an action in a court of general jurisdiction where both causes of action may simultaneously be determined, or to separate the causes of action, instituting one on behalf of the petitioner individually in a court of general jurisdiction and the other in this court. On ordinary principles, either party is entitled to a jury trial of the issues, if demanded.

The merits of the application have in no wise been passed upon. The petition is dismissed, without prejudice to any rights of the parties.

Enter order, on notice, accordingly.