In the Matter of HARRY G. FROMBERG, as Committee of the Estate of ROBERT THOMPSON, an Incompetent Person, Respondent.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

(Argued November 2, 1932; decided January 10, 1933.)

*William J. McArthur* and *Sunshine Ulman* for appellant. A contract cannot be set aside unless the parties lack the capacity to contract. (Civ. Pr. Act, §§ 1384-k, 1549.)

*Harry G. Fromberg* and *Louis Stark* for respondent. The Supreme Court has inherent jurisdiction over lunatics and their property and neither the principal nor the surety on the bond may interfere with such jurisdiction. (Civ. Pr. Act, § 1375; *Sporza* v. *German Sav. Bank*, 192

N. Y. 8; *Matter of Andrews*, 192 N. Y. 514; *Matter of Tracy*, 1 Paige, 580.)

O'BRIEN, J. In 1922 Harry G. Fromberg, by order of the Supreme Court, was appointed committee of the estate of Robert Thompson, an incompetent, and he filed a bond in the sum of $1,000. In 1924 he was ordered by the same court to file an additional bond for $3,500. In each instance he entered into a separate contract with the United States Fidelity and Trust Company which, under these contracts, issued two separate bonds as surety. The annual premiums payable by the committee on the two separate bonds were $30 and were paid by him. If the committee had filed a single bond for $4,500, the annual premiums payable by him would have amounted only to $22.50. The difference during the course of six years is $45, and the courts below have ordered the surety to refund this sum to the committee.

No theory upon which this order can be sustained is apparent. Conceding the broad jurisdiction possessed by the Supreme Court over the estates of incompetents, it does not extend so far as to authorize it to make a new contract in substitution for one which has been executed by a committee in strict conformity with the statute. The contract between the surety and the individual who performed functions as committee was personal to the individual. He is the one for whose acts the surety assumed liability and he is the one to whom it has the right to look for payment of the premiums. The obligation to discharge the debt incurred for his bonds is his. The fact that he is entitled to recover from the estate, as part of his expenses, a reasonable sum not exceeding one per cent upon the amount of his bond (Civ. Pr. Act, §§ 1384-k, 1549) certainly does not confer power upon any court to disrupt a valid contract. If the committee's agreements result in an excessive charge, the court in the exercise of its jurisdiction over the estate of an incompetent in respect to the allowance of reasonable expenses to the committee possesses the power in its discretion to withhold

from the committee reimbursement for such part of the premiums as it may deem excessive, even though the total amount may be less than one per cent of the amount of the bond. Judicial power relates to the protection of the estate and not to supervision of personal contracts made by an individual who is not a ward of the court and who is individually liable upon them.

The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the motion denied, with ten dollars costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Orders reversed, etc.