In the Matter of the Estate of MARGARET L. DUGGAN, Deceased.

Surrogate's Court, Kings County, February 21, 1933.

*Murray Miller,* for the petitioner.

*Michael J. Joyce,* in person.

WINGATE, S. The facts of this application are unusual. As alleged in the petition, they are as follows:

Margaret L. Duggan died on March 27, 1927. Her will was admitted to probate by this court and letters testamentary issued thereon to Mary Smith, her sister, on April 28, 1927. The entire estate, appraised at $19,710.27, other than a conditional general legacy of $500, was bequeathed to Mary Smith. She employed the present respondent as attorney in connection with the settlement of the estate and paid him the sum of $1,750 for his services in this regard. No judicial settlement of the accounts of the executrix was had up to the time of her death, which occurred on November 9, 1931. Letters of administration on her estate were issued to the present petitioner by this court on December 29, 1931.

The petitioner alleges that the sum so paid by the deceased executrix to her attorney was " excessive and unconscionable " and prays that his proper compensation be fixed by this court and that he be directed to refund such part of the sum received which is in excess of a reasonable sum for the services performed by him.

The case is presented for decision on a motion by the respondent to dismiss the petition. This is in all respects equivalent to a demurrer under the old practice, and admits all facts alleged and such inferences as may reasonably be drawn therefrom. (*Matter of Kirkman*, 143 Misc. 343, 344, and cases cited.)

The bases of the motion are twofold, and are, in substance, *first*, that the petitioner is not an interested or proper party to institute such a proceeding; and *second*, that the agreement for and payment of the fee in question by the decedent to the respondent is a bar to the present application. These arguments will be considered in inverse order.

In *Matter of Anderson* (136 Misc. 110) this court had occasion to consider the question of the rights of an executrix and sole beneficiary under a will to recover from an attorney an excessive fee exacted by him for services performed. As the application was originally presented in that case, it appeared that the services for which payment had been made were rendered for the petitioner, partly in her capacity of executrix and partly as an individual. The court therein decided that ample authority existed for its determination of the question so far as it concerned the alleged overcharge and overpayment for services rendered to the executrix, but that the question of the alleged overcharge in her individual capacity must be determined by a court of general jurisdiction. The applicant was accordingly given the alternative of presenting the entire matter to a court of general jurisdiction or of splitting her alleged cause of action and submitting to this court only the question of the alleged overcharge .in her relation to the estate. She elected the latter alternative and the matter proceeded to a

hearing, as a result of which this court decided (N. Y. L. J. July 26, 1930, p. 2035): " Under all the circumstances disclosed at the various hearings in this matter, the court is of the opinion that the fee charged by and paid to the respondent is not unreasonable and the amount so paid is found to be the fair and reasonable value of the legal services rendered to the estate by the respondent." From this decision the petitioner appealed to the Appellate Division which reversed the determination of this court (232 App. Div. 704) and determined that the fee of $4,684.85 charged by and paid to the attorney was excessive by the sum of $2,134.85 and directed this court to enter a new decree accordingly. On appeal to the Court of Appeals this result was unanimously affirmed (257 N. Y. 592). It is obvious from the foregoing that the decision of this court in its first opinion (136 Misc. 110) upholding its jurisdiction to pass upon questions of the propriety of a charge of attorneys practicing in estate matters before it, represents the law. It follows that there is no merit in the contention of the respondent that the agreement for and payment of the fee by the executrix in the Duggan estate constituted a bar to this proceeding.

The remaining ground for the motion to dismiss the petition is capable of even more ready determination. Mary Smith was not only the executrix but also the residuary legatee of the estate of Margaret L. Duggan. As such she was entitled to all property of the estate after the payment of creditors and prior legatees, as is expressly alleged in the answer of this respondent. Among the other assets of the estate was this claim against the respondent for the alleged overcharge. As a chose in action it became her individual property by reason of the informal settlement of the Duggan estate which the respondent alleges and is, therefore, estopped to deny, was " duly closed." This claim, therefore, being a chose in action belonging to Mary Smith at the time of her death, passed to her administratrix on appointment and qualification, and like other assets of the estate of which her intestate was a fiduciary, is one for which she might conceivably be called to account under section 257 of the Surrogate's Court Act were the fact alleged by the respondent respecting the due closing of the Duggan estate, to prove erroneous. Under these circumstances, there can be no question but that it is not only the right but the duty of the present petitioner to realize upon all potential assets of her decedent, of which this claim is one.

The respondent is estopped to assert that any one except Mary Smith or her estate is interested in this claim, and since the former is dead her administratrix is the only proper party for its enforce-

ment. Since all necessary persons are parties to the proceeding, the court has power to determine the question presented. (Surr. Ct. Act, § 40; *Matter of Morris*, 134 Misc. 374, 382.)

The motion of the respondent to dismiss the petition is, therefore, denied, with ten dollars costs, and he will be granted ten days within which to file an additional or supplementary answer.

Proceed accordingly.