In the Matter of the Estate of JANE ROSENBERG, Deceased.

STANLEY S. GROGGINS, Appellant; ROSE L. SCHWOBEL, Individually and as Administratrix, et al., Respondents.

(Argued January 17, 1934; decided February 27, 1934.)

*David L. Weissman* for appellant. The Surrogate did not have the power summarily to direct the repayment of moneys voluntarily paid to an attorney as his fee pursuant to an express retainer. (*Schell* v. *Mayor*, 128 N. Y. 67; *Bowling Green Sav. Bank* v. *Todd*, 52 N. Y. 489; *Matter of Minnesota Phonograph Co.*, 148 App. Div. 56; 212 N. Y. 574; *Matter of Bailey* v. *Rutherford*, 242 N. Y. 220; *Matter of Jeffries*, 219 N. Y. 573; *Matter of Hess*, 133 App. Div. 654.)

*Reginald S. Hardy* and *Gardiner Conroy* for Rose L. Schwobel, individually and as administratrix of Jane Rosenberg, deceased, respondent. The Surrogate had jurisdiction to make the order appealed from. (*Matter of Tillman*, 259 N. Y. 133; *Matter of Krooks*, 257 N. Y. 329; *Matter of McNalty* v. *Youngs*, 237 App. Div. 787; *Matter of City of New York*, 219 N. Y. 192; *Martin* v. *Camp*, 219 N. Y. 170; *Andrewes* v. *Haas*, 214 N. Y. 255; *Phillips* v. *Hodgson*, 227 App. Div. 754; *Boehm* v. *United Power Laundries, Inc.*, 132 Misc. Rep. 1; *Johnson* v. *Ravitch*, 113 App. Div. 810; *Tenney* v. *Berger*, 93 N. Y. 524; *Matter of Anderson*, 257 N. Y. 592; *Matter of Dollar*, 103 Misc. Rep. 137; 194 App. Div. 948; 231 N. Y. 545.) A proper case was presented for the granting by the Surrogate of summary relief. (*Schell* v. *Mayor*, 128 N. Y. 67; *Nann* v. *Raimist*, 255 N. Y. 307; *Middleton* v. *Boardman*, 240 N. Y. 552; *White* v. *Benjamin*, 150 N. Y. 258; *Cohn* v. *Baldwin*, 141 N. Y. 563; *Feiber* v. *Copeland*, 232 App. Div. 504; *Matter of Babcock*, 230 App. Div. 323; *Matter of Flannery*, 150 App. Div. 369; *People* v. *Peoples Trust*

*Co.*, 180 App. Div. 494; *Matter of Strandburg*, 138 Misc. Rep. 732; *Ransom* v. *Ransom*, 147 App. Div. 835.)

*Paul G. Gravenhorst*, as special guardian for Kate Lang, an incompetent person, respondent. The Surrogate's Court had jurisdiction to fix and determine the fee of the appellant. (*Matter of Balazs*, 147 Misc. Rep. 95; *Matter of Anderson*, 136 Misc. Rep. 110; *Matter of Morris*, 134 Misc. Rep. 374; *Matter of Bucken* v. *Busch*, 203 App. Div. 717; *Matter of Liell*, 148 Misc. Rep. 279; *Matter of Keeney* v. *Tredwell*, 71 App. Div. 521; *Matter of Strandburg*, 138 Misc. Rep. 732; *Bowling Green Sav. Bank* v. *Todd*, 52 N. Y. 489; *Matter of Warth*, 225 App. Div. 811.)

POUND, Ch. J. Jane Rosenberg, the decedent, died possessed of a miscellaneous estate, consisting of mortgages, bank accounts, etc., with a value of something over $60,000. Rose L. Schwobel was appointed administratrix of the estate. She employed the appellant Stanley S. Groggins, an attorney at law, to advise and act for her in matters of the estate. She paid him $7,750 in the course of the administration. This fee was fixed by agreement for his services and disbursements, without regard to the amount of the estate. Before the services were completed she instituted a proceeding under section 231-a of the Surrogate's Court Act. The Surrogate not only reduced the compensation of Groggins as attorney for the administratrix as such, to $4,000, but also directed the attorney to return the sum of $2,750.

The only question here is whether the Surrogate had power to make an order for reimbursement. The Appellate Division has so held, one justice dissenting on the ground that the proper remedy of the administratrix was by action and that the Surrogate's Court had no jurisdiction to compel the return of moneys paid pursuant to contract.

The Surrogate's Court Act, section 231-a, reads as follows:

" Compensation of attorneys. At any time during the administration of an estate, and irrespective of the pendency of a particular proceeding, the surrogate shall have power to hear an application for and to fix and determine the compensation of an attorney for services rendered to an estate or to its representative, or to a devisee, legatee, distributee or any person interested therein; or in proceedings to compel the delivery of papers or funds in the hands of such attorney.

" Such proceeding shall be instituted by petition of a representative of the estate, or a person interested, or an attorney who has rendered services. Notice of the application shall be given in such manner as the surrogate may direct. The surrogate may direct payment therefor from the estate generally or from the funds in the hands of the representative belonging to any legatee, devisee distributee or person interested therein."

This section means that the application to fix the compensation of the attorney may be made at any time during the administration of an estate, without waiting for the final accounting when the amount paid the attorney by the personal representative for compensation might be questioned and she might be surcharged with any amount paid in excess of the reasonable value of the services rendered. Here, however, the administratrix did not seek to protect herself by making an application for an order under section 231-a before paying the attorney, but retained him and paid him in advance an amount which she now deems excessive and as to part of which the court has summarily ordered reimbursement.

The attorney, Groggins, did not receive money for his client, as in *Matter of Anderson* (136 Misc. Rep. 110; 232 App. Div. 704; 257 N. Y. 592). In such a case the power of the courts to make summary orders directing attorneys to turn over moneys received by them for their clients is unquestioned. (*Schell* v. *Mayor*, 128 N. Y. 67; *Matter of Bailey* v. *Rutherford*, 242 N. Y. 220, 223, 224.)

A voluntary payment by a client for legal services is not a case in which such peremptory order should be made. The rights of the parties should be litigated in the ordinary way. (*Matter of Jeffries*, 219 N. Y. 573.)

As was recently said in *Matter of Fromberg* (260 N. Y. 430, 432): " Judicial power relates to the protection of the estate and not to supervision of personal contracts made by an individual who is not a ward of the court and who is individually liable upon them."

An attorney has the right to have claims against him established by action, except only in the case where he withholds money or property from his client which he is in duty bound to turn over to such client. There he may be dealt with summarily as an officer of the court.

The orders should be modified by striking out so much thereof as direct the return of $2,750, and as so modified affirmed, with costs against the respondent Schwobel personally in this court and in the Appellate Division.

CRANE, J. (dissenting). This application to the Surrogate is in essence an application to recover and get back assets of the estate in the hands of an attorney. It has taken the form of a motion under section 231-a of the Surrogate's Court Act:

" Compensation of attorneys. At any time during the administration of an estate, and irrespective of the pendency of a particular proceeding, the surrogate shall have power to hear an application for and to fix and determine the compensation of an attorney for services rendered to an estate or to its representative, or to a devisee, legatee, distributee or any person interested therein; or in proceedings to compel the delivery of papers or funds in the hands of such attorney.

" Such proceeding shall be instituted by petition of a representative of the estate, or a person interested, or an attorney who has rendered services. Notice of the application shall be given in such manner as the surrogate may direct. The surrogate may direct payment therefor

from the estate generally or from the funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein."

The petition of Rose L. Schwobel, as administratrix of Jane Rosenberg, asked for an order of the Surrogate directing one Stanley S. Groggins to return to the estate the sum of $7,750 paid to him for counsel fee and disbursements, or such part of it as was over and above the fee fixed by the Surrogate. After a hearing the Surrogate fixed the fee at the sum of $5,000 and directed the attorney to repay the balance, $2,750. The decree was affirmed by the Appellate Division.

Right at this point before we go further we must seize upon the fact that these moneys belonged to the estate and not to the administratrix individually. In law the employment of counsel by an executor or an administrator is a personal affair and the executor or administrator is personally liable for services rendered. On an accounting, however, these fees are generally allowed out of the estate. In this instance, however, the moneys paid by Mrs. Schwobel to Groggins were moneys of the estate, checks drawn on the funds of the estate, deposited in the Title Guarantee and Trust Company of New York.

That the Surrogate has power over the administration of estates and plenary power over the collection and preservation of their assets cannot be doubted. (Surr. Ct. Act, § 40.) Neither should there be any disposition to restrict the Surrogate's power over attorneys who have taken the assets of an estate for fees. Section 231-a is full and complete and gives the Surrogate the power to fix the fees at any time. An attorney taking the assets of an estate for a fee does so with full knowledge that he may have to return them, if excessive.

We have very recently held in *Matter of Anderson* (257 N. Y. 592) that an attorney under a contract of retainer by an executrix was obliged to return a portion of his fee which he had retained out of assets of the estate col-

lected by him. The court fixed his fee and found that he had retained too much. No distinction should be drawn between the lawyer who retains an excessive fee out of assets collected and the lawyer who persuades an administratrix to give him the assets of an estate in excess of a reasonable fee. No such distinction is made in the section of the Surrogate's Court Act and none such is made in the cases.

We must remember that we are here dealing with a question of *power* and not with a question of discretion. No abuse of discretion is before us; no such point is made. The Supreme Court and the Surrogate's Court alike have the *power* to compel an attorney to pay back money improperly obtained or retained by him, even if the money has been voluntarily paid. Where, however, the money has been paid voluntarily by a client other than in the administration of an estate, the Supreme Court will seldom exercise its discretion and will leave the parties to an action. This is the way I read all of the cases referred to in the briefs and in the opinion of the chief judge.

In *Matter of Bucken* v. *Busch* (203 App. Div. 717, 718) the Appellate Division, first department, in dealing with fees already paid to an attorney, said: " While ordinarily the court will not entertain a summary proceeding to test the fairness of a contract but will remit the petitioner to his remedy at law (*Matter of Jeffries,* 219 N. Y. 573), yet this power unquestionably does exist in the court, and the facts in the case at bar would seem to require its exercise."

On the other hand, in *Matter of Hess* (133 App. Div. 654, 656) the Appellate Division, first department, relegated the attorney and client to a law action, where an application had been made by the client to compel an attorney to pay back a thousand-dollar fee. While the court denied the application the power to compel the repayment was recognized. Mr. Justice CLARKE, with whom the

entire court concurred, said: " While the supervisory and disciplinary power of the court over its officers exists we do not think that it should be exercised to the extent attempted by the order appealed from."

We find the same expression of the law in *Schell* v. *Mayor* (128 N. Y. 67), although the matter there related to moneys collected by the attorney. The underlying principle, however, is, that the court has power to control its officers, the lawyers, and to compel them to turn over moneys collected or retained. I have already given two instances in the above cases where the power was held to apply to retainers voluntarily paid, although in one of them the discretion was not exercised.

*Anderson* v. *New York & Harlem R. R. Co.* (150 App. Div. 432) is another instance where fees paid were directed to be restored or applied to the costs and disbursements of the case.

*Matter of Jeffries* (219 N. Y. 573) merely holds that the case is one in which the order should not be made. This court did not determine that the Supreme Court had no summary power over an attorney who had received as fees the assets of an estate or any other property of his clients. Very slow indeed is the Supreme Court to exercise this power, but that it exists for a proper case has to my mind never been questioned.

What I have here said regarding the *Anderson Case* (*supra*) applies equally to *Matter of Dollar* (231 N. Y. 545). The fact that a lawyer had collected assets out of which he took his fee and for which he had bargained is no different in effect or in principle from the lawyer who takes the assets of an estate in excess of all reason, from an administrator and seeks to appropriate them to his own use. The only thing under the law he is entitled to, a matter of which he must be cognizant, is the fee fixed by the Surrogate under section 231-a of the Surrogate's Court Act. When he grasps out and takes the assets of an estate beyond this amount he may be com-

pelled, and should be, to return it just the same as when he keeps such an amount out of sums collected and turns over too little. In either instance he has in his possession the funds of the estate to which he is not entitled. This court should be very slow in weakening the salutary effect of this power given to the Surrogates by section 231-a. Recognizing the necessity for exercising the power carefully and in a wise discretion, we should not determine that the Surrogate has *no* power where an executor or administrator, in the flush of expectation or the generosity of gilded hopes, has parted with the assets of the estate to a lawyer far in excess of anything he might be entitled to.

Therefore, I am for affirmance of the orders in this case.

LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur with POUND, Ch. J., CRANE, J., dissents in opinion; KELLOGG, J., not voting.

Ordered accordingly.