In the Matter of the Estate of HYMAN B. RUBIN, Deceased.

Surrogate's Court, New York County, May 10, 1934.

*Abner M. Israel*, for the executors, Nathan A. Rubin and another.

*Samuel Falk*, for the respondent, attorney, David E. Singer.

*Limburg, Riegelman, Hirsch & Hess*, for the Fidelity and Deposit Company of Maryland, creditor.

*Ruth Lewinson*, special guardian.

DELEHANTY, S. Application is here made to require an attorney to return to the estate certain moneys concededly paid to him by the executors after this accounting proceeding was initiated.

The accounting parties are the three executors of deceased. During the accounting proceeding one died and his representative was substituted. Originally respondent attorney acted for the three executors and he continued to act for the two survivors. The original account was filed on August 8, 1930. With it was filed a petition indorsed in the name of respondent attorney wherein this court was asked to settle the account as filed. The account so filed stated that there was " a balance of $6,230.14 on hand subject to the deductions of the amount of $375.66 commissions and the expenses of this accounting." The accounting proceeding was referred to a referee who made a report after receiving from respective counsel proposed findings. Respondent attorney submitted in behalf of the surviving executors a proposed referee's report containing among other things a finding numbered 51. This finding, if made, would have held that the executors were chargeable with the same total of assets which had been stated in their account as originally filed and would have credited them with the deductions as originally claimed in their account less $2,500.

This difference was apparently a consented reduction of the fees of the same respondent attorney originally claimed in the account. Respondent attorney in such requested finding asked the referee to find specifically that there was " a balance in the hands of the executors of $8,730.14."

The referee filed a report and opinion in which he recommended surcharges of the accounting executors for a portion of certain insurance moneys not collected by them. In his report the referee made a conclusion of law numbered 33, wherein he adopted the accounting parties' original statement of assets collected but added thereto the surcharges. He adopted the figure requested by respondent attorney as the amount of permissible deductions, thus leaving a balance to be accounted for by the executors of the exact sum requested by respondent attorney plus the surcharges in question.

To this report respondent attorney filed exceptions in behalf of the surviving executors and in his exception numbered X questioned the 33d conclusion of the referee referred to above only in so far as it found that the amount of Schedule A as reported by the accounting parties should be increased by the surcharges, and in so far as it directed the payment of costs and allowances specified in subdivision (2) thereof, and in so far as it directed payment of interest on certain claims.

Reference to such finding discloses that the referee recommended that the decree to be entered should direct the executors to pay out of " the said balance in their hands

" * * * (1) First, the fees of the referee and of the referee's stenographer;

" (2) Next, costs and allowances, without priority one over the other as follows:

" (a) Compensation of Ruth Lewinson, special guardian."

It is to be noted, therefore, that the exception to the referee's report raised no question of the obligation of the surviving executors to pay the fees of the referee and of the stenographer, but did question the payment of the allowance to the special guardian. This latter aspect of the exception was in conformity with the legal position of the executors that they were entitled to approval of their account as filed and hence that the allowance to the special guardian should be charged to the objectants and not to the estate.

After this court had heard the exceptions to the referee's report and had filed its decision thereon, application was made for an intermediate order directing the surviving executors to pay the uncontested claim of the referee for his compensation and the also uncontested claim of the stenographer for the cost of the minutes. An interim allowance to the special guardian was also requested.

An order to this effect was made on consent of the accounting executors evidenced in open court by respondent attorney himself. A written consent to the entry of this order was subscribed by respondent attorney in behalf of his clients.

Thereafter in due course certified copies of the order directing such payments were served upon the respective executors and on their failure to make the payments directed contempt proceedings were instituted upon which the court has made a finding of default by the executors and they are now in peril of commitment for contempt.

In such contempt proceedings the surviving executors were represented by respondent attorney and for the first time it was then disclosed to the court and to the parties that the funds represented in the account as being on hand were in fact no longer in possession of the accounting executors, but without court authority had been disbursed by them to respondent attorney and associate counsel employed by respondent attorney. The executors (in an effect to avoid commitment) and the persons entitled under the above recited order to the payments provided therein are now seeking in this proceeding to compel respondent attorney to refund to the estate so much of the money as he is shown to have received since the account was filed. The amount of his receipts directly by check from funds reported in the account is conceded. There is likewise conceded the receipt by him of a further sum representing a participation in the amounts paid to associate counsel from the same funds. Concededly all the payments in question were made after the account had been filed with the petition for its settlement and after this court had jurisdiction of the accounting proceeding.

Respondent attorney challenges the authority of the court to make the order requested and cites *Matter of Rosenberg* (263 N. Y. 357), recently decided by the Court of Appeals.

The Legislature of the State in the session just closed enacted legislation which will put beyond question the comprehensive power of this court to regulate charges of attorneys whether before or after payment.* It is the view of this court that resort to such new legislation is unnecessary in the circumstances here disclosed. In theory of law, the fund had been brought into this court for distribution. At the initiation of the proceeding it was in the custody of fiduciaries appointed by the court. In very terms the proceeding was directed toward the administration of this precise fund. The attorney and the fiduciaries were alike cognizant of the fact that the court through its regularly appointed agencies was

---

* See Surr. Ct. Act, § 231-a, as amd. by Laws of 1934, chap. 332.

proceeding with an inquiry which had for its ultimate purpose the eventual disposal of the fund. Both fiduciaries and attorney were aware that there existed certain limits upon the authority of the court to refer for hearing controversies such as here existing. (Surr. Ct. Act, § 66.) The fiduciaries and the attorney were aware equally that the fund on hand at the beginning of the accounting proceeding must be resorted to primarily for payment of the necessary court costs.

With the knowledge of all these facts the fiduciaries exhausted the fund. They left the agencies of the court without any fund out of which to pay the costs of the court processes necessary to the inquiry which the fiduciaries through the attorney themselves had initiated. No claim of good faith can be made either by the attorney or the fiduciaries in such circumstances. The case is not controlled by *Matter of Rosenberg* (*supra*). It is not necessary here to determine to what extent the fund in question is to be deemed *sub judice*. Certainly it is sufficiently in *custodia legis* to make it first chargeable with the expenses of the inquiry. The amount received by respondent attorney out of the fund brought into court by his clients approximates the gross of the expenditures made upon the reference. Since the other disbursements from the fund have completely exhausted it and were made to counsel employed by respondent attorney, there is no basis upon which respondent attorney may ask for apportionment. He should be and hereby is held accountable for repayment of the whole of the moneys received by him out of such fund. Only thereby can the court, whose processes were invoked through the agency of respondent attorney, perform its functions.

Submit on notice order requiring respondent attorney to refund to the estate all of the moneys actually received by him out of estate funds since the date of filing of the petition in this accounting proceeding.