In the Matter of the Application of HELEN KALDROVICS, Also Known as HELEN LESZCZYNSKI, Appellant, v. CARSTEN H. LUDDER, an Attorney and Counselor at Law, Respondent.— This is a summary proceeding against the respondent, an attorney, by the appellant, his client, to procure an order in effect for directions to the attorney (a) to proceed with a certain foreclosure action and obtain for the petitioner, the plaintiff therein, a deed from the referee, (b) to pay to that referee his statutory fees and any further costs or disbursements necessary to protect petitioner's interest as plaintiff in the foreclosure, and (c) to proceed forthwith with the completion of the foreclosure action. The attorney contested the proceeding. The Special Term referred the matter to an official referee, who reported his findings of fact and his conclusions as follows: (1) that the attorney acted justly and faithfully and in a manner becoming a member of the bar of this State, (2) that the petition should be dismissed, and (3) that the petitioner pay to the attorney the sum of $500 before receiving the referee's deed to the property under foreclosure. The Special Term confirmed the official referee's report, and from the order of confirmation the petitioner appealed. Order modified so that it shall confirm only the conclusion of the official referee that the respondent " acted justly and faithfully and in a manner befitting a member of the bar of this State," and the conclusion that " the petition should be dismissed." As so modified the order is affirmed, with ten dollars costs and disbursements to the respondent. (1) In our opinion, in the exercise of sound discretion (*Matter of Keeney* v. *Tredwell*, 71 App. Div. 521), the summary power of the court should not be employed to direct the respondent-attorney to proceed with the foreclosure, or otherwise, as requested by the petitioner. (2) The proceeding, therefore, was properly dismissed. (3) There is no authority for the summary direction that the petitioner, client, pay $500 to the respondent, her attorney in the foreclosure action. The parties must be relegated for the enforcement of their respective rights to an action or otherwise; this proceeding is not the proper vehicle for the determination of their rights. Lazansky, P. J., Carswell, Davis, Adel and Taylor, JJ., concur.

In the Matter of the Application of METROPOLITAN BROADCASTING CORP., a Corporation, for Voluntary Dissolution, Pursuant to Section 103 of the General Corporation Law. JOSEPH HUSID, Receiver, Appellant; PAUL J. GOLLHOFER, Respondent.— Order denying motion of the receiver of property and assets of Metropolitan Broadcasting Corp. for leave to operate broadcasting station until February 16, 1937, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The authority should have been granted to the receiver pursuant to order of August 13, 1936, by way of enhancing the estate of the corporation. Lazansky, P. J., Carswell, Adel and Taylor, JJ., concur; Hagarty, J., not voting.

In the Matter of the Application of WELLS F. WISE for a Mandamus Order, Appellant, against WESTCHESTER COUNTY ALCOHOLIC BEVERAGE CONTROL BOARD, Respondent.— In view of the due exercise of authority by the Westchester County Alcoholic Beverage Control Board, the appeal is dismissed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.