In the Matter of CLARA Y. HILDRETH et al., as Executors of ADA B. STORM, Deceased, for an Order Removing OTTO HANSEN as Sole Surviving Trustee under Four Indentures of Trust Made by ADA B. STORM. UNITED STATES TRUST COMPANY OF NEW YORK, Respondent; SAMUEL L. SIEGEL, Appellant.

First Department, November 7, 1963.

*Samuel M. Lane* of counsel (*A. D. P. Craig* with him on the brief; *Casey, Lane & Mittendorf*, attorneys), for appellant.

*Robert P. Weil* for respondent.

*Per Curiam.* These are appeals from 12 orders which involve four trusts, referred to for convenience as Trusts No. 1, No. 2, No. 3 and No. 4. Of the 12 orders herein involved, they may be separated into groups of three, each group of which is concerned with a different trust. As to each trust the orders are identical in substance and content, including dates, save as to the amount of the fine imposed. Briefly, the orders appealed from may be described as follows: Trust No. 1: (1) appeal from a final order entered June 21, 1963 as resettled by an order entered July 23, 1963, which fined the appellant $9,125.27, with interest, and directed that in default of payment a body attachment should issue; (2) appeal from an order entered March 8, 1963 resettling an order dated January 31, 1963 which overruled appellant's objections to summary jurisdiction of the court and directed service by petitioner-respondent, United States Trust Company of New York, of a statement of charges upon the appellant, specifying the amount of each of the legal fees making up the sum of $9,125.27, and which directed appellant to answer such charges within 20 days after service; (3) appeal from an order entered May 10, 1963 which denied appellant's motion to strike out portions of the statement of charges and to require a more definite and certain statement, and directed further that appellant answer within 10 days after service of a copy of the order.

As indicated previously, the orders are identical in substance and content except that as to Trust No. 2 the amount of the fine is $16,948.53, with interest. As to Trust No. 3, the amount is $24,880.60, with interest; and as to Trust No. 4 the amount is $7,045.60, with interest, making a total of $58,000, with interest.

Appellant urges that the facts alleged did not warrant the exercise of the court's summary jurisdiction, that the court should have granted appellant's motion to strike the irrelevant and conclusive allegations contained in the so-called statement of charges, that the failure of Hansen, the original trustee, to justify the fees paid to appellant did not create any obligation on appellant's part to repay them, and that there was no necessity for appellant to assert in answer to the statement of charges an affirmative defense in the nature of an affidavit of services

rendered, that the retainer agreement dated June 29, 1954 was fair and valid on its face and therefore it cannot be said to have exceeded Hansen's authority as a matter of law. This agreement provided in brief that Hansen as the sole surviving trustee under the deeds of trust affirmed and ratified his engagement of appellant to represent the trusts in settlement, liquidation and distribution thereof, and in any and all legal matters pertaining thereto. In payment for such services appellant "shall, from monies belonging to said trusts retain, keep and receive as a fee, the sum of fifty thousand ($50,000.00) dollars and in addition thereto twenty-five (25%) percent of the proceeds of any and all monies collected by said Trusts through his efforts * * * except that the total fee * * * shall not exceed sixty thousand ($60,000.00) dollars." Appellant urged also that in the interest of justice a hearing should be granted.

The sum of $58,000 represents close to 90% of all sums ultimately remaining in the trusts. After the death of the settlor of the trusts in 1954 the executors of her estate filed a petition, pursuant to article 79 of the Civil Practice Act (now CPLR, art. 77), praying that Hansen be removed as trustee, that a substituted trustee be appointed, that Hansen be directed to account and to pay over and deliver to the substituted trustee all the property of the trusts and books and records pertaining thereto, and that pending determination of the proceedings Hansen, his agents, attorneys and servants be restrained from paying out or in any wise disposing of the trust estate. The court by order dated August 4, 1958 directed Hansen to show cause why he should not be directed to account. By order dated January 30, 1959 the court directed that Hansen account and the restraint previously granted be continued. Subsequently Hansen filed an account covering the period from August 19, 1943 to April 2, 1959 and prayed that such account be judicially settled. After objections were filed to the account the court referred the matter to a Special Referee to examine the account and objections thereto, to take testimony on the petitions and answers of the parties, and to report to the court with his opinions as to the account as filed, etc. Hansen failed to appear personally before the Referee, but appellant appeared for him throughout the proceedings. The Referee concluded that Hansen had wasted substantially the assets of the trusts and recommended that he be surcharged $227,544.46. The surcharge approved by the court covered only the period from the death of the settlor, who had been a cotrustee. Among the surcharges against Hansen were the payments from the various trusts to appellant totalling $58,000. The Referee recommended also that a substituted

trustee be appointed. The report was accepted and confirmed. It appears that Hansen is insolvent and without the jurisdiction of the court. The successor trustee moved by order to show cause in each of the four proceedings involving the various trusts summarily to compel appellant to make good that part of Hansen's surcharge which represented payment of fees for alleged legal services rendered by appellant. It is from the various orders entered in the proceedings that these appeals are taken.

In *Matter of Rosenberg* (263 N. Y. 357) the court declared that where an attorney receives money for his client the power of the court to make summary orders directing the attorney to turn over such moneys is unquestioned. It stated, however (p. 361): " [a] voluntary payment by a client for legal services is not a case in which such peremptory order should be made. The rights of the parties should be litigated in the ordinary way. * * * An attorney has the right to have claims against him established by action, except only in the case where he withholds money or property from his client which he is in duty bound to turn over to such client ". *Matter of Cox* v. *Scott* (10 A D 2d 32) was not a departure from this principle. In that case the attorney was directed to refund to his client that portion of a fee found to be excessive, the court stating that it had inherent power to compel an attorney to restore money to a client which he retained in violation of his professional obligation. The court reaffirmed its position that it would not entertain a summary proceeding " to test the fairness of a retainer agreement, especially where the issues of fact are close, but will remit the client to his remedy at law " (p. 34). The court observed (p. 34): " [i]n an extraordinary case, however, where the evidence is clear and convincing that there has been overreaching or other serious misconduct, the court will not hesitate to exercise its summary procedure and discretion " (citing cases). The rule has been stated broadly: " If a trustee in the administration of the trust employs an attorney or other agent, and the trustee commits a breach of trust, the agent is not under a liability to the beneficiaries of the trust for participation in the breach of trust, unless he knew or should have known that he was assisting the trustee to commit a breach of trust. Even if he knows or has reason to know that the trustee is committing a breach of trust, he is not liable unless he assists the trustee in such a way that he as well as the trustee should be held responsible for the breach of trust." (3 Scott, Trusts [2d ed.], § 326.4.)

In the matter before us it might be inferred that the actions of the trustee Hansen were for the most part taken with the

knowledge and consent and on the advice of counsel, the appellant herein. It appears further that the fees retained by appellant represent almost 90% of the sums remaining in the various trusts. Moreover, the trusts were not to be charged separately in accordance with particular services rendered to the trust, but the agreement provided for payment without regard to a particular trust obligation. Appellant appeared throughout the proceeding before the Referee, and is thoroughly familiar with the evidence presented and the findings made. He must have known or should have known of the nature of the trustee's actions. It is clear that this is '' an extraordinary case '' such as that to which the court referred to in *Matter of Cox* v. *Scott* (*supra*) which warrants the exercise by the court of summary jurisdiction. Appellant is an officer of the court and there is an obligation, where trust *res* is involved, particularly under the circumstances reflected here, for him to come forward with an explanation. If services were rendered which benefited the trusts he should be allowed to state them further and be remunerated accordingly. But the burden is upon appellant at this stage of the proceedings to show that there are issues of fact and that there are other matters of defense which warrant a hearing.

The orders appealed from should be modified on the law, the facts and in the exercise of discretion so as to grant leave to appellant to supply and file an affidavit in defense of the charges made, such affidavit to be filed within 20 days of service of a copy of the order to be entered herein, with notice of entry thereof, and if issues of fact are raised by such affidavit a hearing at Special Term is directed on such charges. Insofar as the orders appealed from are inconsistent with this determination, they should to that extent be vacated and otherwise affirmed, with costs of the appeal to petitioner-respondent. Settle order.

BREITEL, J. P., RABIN, McNALLY, STEVENS and BERGAN, JJ., concur.

Orders unanimously modified on the law, the facts and in the exercise of discretion, so as to grant leave to appellant to supply and file an affidavit in defense of the charges made, such affidavit to be filed within 20 days of service of a copy of the order to be entered herein, with notice of entry thereof, and if issues of fact are raised by such affidavit a hearing at Special Term is directed on such charges. Insofar as the orders appealed from are inconsistent with this determination, they should to that extent be vacated and otherwise affirmed, with $20 costs and disbursements to petitioner-respondent. Settle order on notice.