In the Matter of THEODORUS BAILEY, Respondent, against ROBBINS S. RUTHERFORD, Appellant.

**Attorney and client — summary proceedings — where right to summary order can be reasonably questioned client referred to ordinary remedies — employment by attorney, at direction of client, of foreign attorney to collect judgment — retention by foreign attorney of portion of money collected as his fee — propriety of charge cannot be determined in summary proceeding in this State to compel attorney here to pay over money — attorney may not by summary proceeding be compelled to pay money which never came into his possession.**

1. The summary proceeding to compel an attorney to pay over moneys rests upon misconduct clearly established on the part of the attorney in retaining the client's money.   In all cases the client has relief in the ordinary tribunals for the determination of legal controversies and where his right to have a summary order can be reasonably questioned he must be referred to the ordinary remedies.

2. In a summary proceeding to compel appellant, an attorney, to pay over money belonging to petitioner, his client, it appeared that petitioner employed appellant to enforce a claim against a third party, a judgment was obtained in this State which could not be collected and, assets being located in a foreign State, appellant was authorized by petitioner to employ an attorney in that State to collect the judgment, which he did in full, remitting the balance after deducting his fee to appellant.   The question litigated was whether such charge was excessive and the referee erroneously directed appellant to account to petitioner for an amount in excess of what he held to be a fair fee.   As between the petitioner and the foreign attorney the amount due cannot be determined in this proceeding and appellant

never having had in his possession the amount retained by the foreign attorney, it would be extending summary relief beyond its defined limits to hold him responsible therefor.

*Matter of Bailey* v. *Rutherford,* 213 App. Div. 858, modified.

(Argued February 23, 1926; decided March 4, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 9, 1925, which affirmed an order of Special Term confirming the report of a referee requiring the appellant herein, an attorney, to pay over certain moneys to his client.

*John W. Remer* and *Frank H. Richmond* for appellant. An attorney can be summarily held liable only for money actually received by him or coming under his control as attorney. (*Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271; 1 Fiero on Particular Actions & Proceedings [4th ed.], 132; *Matter of Niagara, L. & O. Power Co.,* 203 N. Y. 493; *Bowling Green Savings Bank* v. *Todd,* 52 N. Y. 489; *Matter of Knapp,* 85 N. Y. 284; *Matter of H——, an Attorney,* 87 N. Y. 521; *Schell* v. *Mayor,* 128 N. Y. 67; *Matter of Paschal,* 10 Wall. 483; *Matter of Hillebrandt,* 33 App. Div. 191; *Matter of Minnesota Phonograph Co.,* 148 App. Div. 57; 212 N. Y. 574; *Matter of Mackintosh,* 112 N. Y. Supp. 513; *Matter of Jones,* 117 App. Div. 775.) The proceedings should have been dismissed for failure of proof. (*Matter of Niagara, L. & O. Power Co.,* 203 N. Y. 493; *Matter of Knapp,* 85 N. Y. 284; *Matter of Hillebrandt,* 33 App. Div. 191; *Matter of Jones,* 117 App. Div. 775; *Matter of Minnesota Phonograph Co.,* 148 App. Div. 57; *Matter of Post* v. *Evarts,* 9 N. Y. Supp. 370.) The order appealed from cannot be sustained either on a theory of constructive or implied liability, or on a theory of joint reception and control by Mr. Rutherford and the Maryland attorney. (*Matter of Niagara, L. & O. Power Co.,* 203 N. Y. 494; 2 Mechem on Agency, 1726, 1787; *Matter of Minnesota Phonograph Co.,* 148 App. Div.

56; *Post* v. *Evarts*, 9 N. Y. Supp. 370; *Lacher* v. *Gordon & Rosenblum*, 127 App. Div. 140; *Parker* v. *Gartside*, 178 Ill. App. 634; *Snell* v. *Niagara Paper Mills*, 193 N. Y. 433; *Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271.)

*Adolph Bangser* for respondent.

POUND, J. This is a summary proceeding to compel an attorney to fulfill his obligations by paying over money in his hands belonging to his client which, it is alleged, the attorney unlawfully retains. While the proceeding rests on the assumption that the attorney has deducted the sum of $3,500 from moneys received by him belonging to the client, it is perfectly clear that $2,000 of this amount was never in fact received by the attorney. We construe the order and findings of the referee which were adopted by the court as setting forth as a conclusion of law merely that this sum was included in the total of $3,500. The facts are not disputed and they sustain this construction of the findings.

Petitioner retained Rutherford, the appellant, as his attorney to enforce a claim of $10,000 against one Mrs. Story. He obtained a judgment against her in the Supreme Court of this State which he could not collect. Assets were located in Maryland. Petitioner authorized Rutherford to retain a Maryland attorney. He retained one Musgrave. Musgrave collected the claim in full. The controversy arises over a balance of $7,714.50, prior remittances not being included. Musgrave deducted from this sum $3,000 for fees, of which he turned over $1,000 to Rutherford. He remitted in all to Rutherford $5,714.50 but suggested that they should have a fee of $3,500.

Rutherford sent petitioner $4,350.60, leaving a balance of $1,363.90, a portion of which he sent to Musgrave in adjustment of the additional $500 fee and the balance of which he retained. The question litigated was mainly

whether a charge of $3,500 made either by Rutherford or Musgrave or both was excessive. The referee reported and the court found that a fair fee for Musgrave would be $1,025 and for Rutherford $250, total $1,275. He charged Rutherford with $3,363.90; credited him with allowances, $1,275; and directed him to pay over to Bailey $2,088.90. But Rutherford never received Musgrave's fee of $2,000, so that the balance of $88.90 is all that remained in his hands of the amount received by him from Musgrave.

The question is whether on these facts it can be said that Rutherford retained $2,000 of his client's money without legal grounds. Musgrave retained this amount. Should Rutherford be subject to the summary and severe measures incident to this proceeding because he agreed with Musgrave as to his fee and allowed him to retain $2,000 from the amount collected? This remedy has for its basis the retention of money by the attorney that justly belongs to his client. (*Bowling Green Savings Bank* v. *Todd,* 52 N. Y. 489, 493.) Rutherford holds no part of the $2,000. He never has had it in his possession. As between Bailey and Musgrave the amount due Musgrave cannot be determined in this proceeding. The latter is outside the jurisdiction. He acted independently of Rutherford on a separate retainer.

The summary proceeding rests upon misconduct clearly established on the part of the attorney in retaining the client's money. In all cases the client has relief in the ordinary tribunals for the determination of legal controversies and where his right to have a summary order can be reasonably questioned he must be referred to the ordinary remedies. In *Matter of Minnesota Phonograph Co.* (148 App. Div. 56, 60, 61; affd., on opinion below, 212 N. Y. 574) McLAUGHLIN, J., said: " One does not forfeit any of his rights by becoming an attorney at law. He has the same rights thereafter that other persons have, which includes the right to have asserted claims against

him established in the regular and ordinary way, that is, by action, *except only in the case where the claim is for money received for his client while he is acting as an attorney at law for him.*" It would be extending summary relief beyond the limits thus clearly defined to hold Rutherford accountable for the fee retained by Musgrave in this proceeding.

The orders appealed from should be modified by directing the appellant to pay to respondent the sum of $88.90, and as so modified affirmed, with costs to appellant in all courts.

Hiscock, Ch. J., Crane, Andrews and Lehman, JJ., concur; Cardozo and McLaughlin, JJ., absent.

Ordered accordingly.