In the Matter of the Application of MORTIMER KAPLAN and Another, Respondents, for an Order Directing LOUIS ROSEN-BERG, an Attorney, Appellant, to Deliver Certain Stock Certificates to Them.

First Department, May 24, 1929.

*Martin H. Young* of counsel [*Louis Rosenberg*, attorney in person], for the appellant.

*Seymour B. Quel* of counsel [*J. Edward Lumbard, Jr.*, with him on the brief; *Fogarty, Lumbard & Quel*, attorneys], for the respondents.

FINCH, J.  From an order made in a summary proceeding, directing the appellant, an attorney at law, to deliver to the petitioners certain certificates of stock, this appeal is taken.

The petitioners and one Irving Kaplan are brothers, and together owned all the stock of a corporation.  The petitioners agreed to sell their stock to Irving Kaplan.  The three brothers went to the office of the appellant, an attorney at law, to arrange for the sale. The petitioners claim the appellant acted as attorney for all the brothers for the purpose of drawing a contract of sale; that their certificates were deposited with the appellant at his suggestion, but that the sale was not consummated and negotiations therefor were abandoned.  The petitioners contend that under these facts they were entitled summarily to the return of their certificates. This result would follow if these facts were undisputed.  The appellant, however, makes affidavit that the petitioners agreed to sell their stock to Irving Kaplan and were paid on account $2,300, and that the certificates of stock were deposited with him in escrow to insure their delivery to Irving Kaplan upon payment of the balance of the purchase price.  The appellant further swears that the petitioners subsequently refused to carry out the agreement and demanded the return of the stock, without offering to return the $2,300 received on account of the purchase price.  This presents quite a different situation from that set forth by the petitioners. Whether, as urged by the appellant, he was acting as an escrow agent for all the parties and as attorney for Irving Kaplan, or, as claimed by petitioners, as attorney for all the parties, is immaterial, since in no event do the facts warrant a summary remedy.  This because the petitioners have failed to show a clear right to the return of the certificates.  The appellant is subject to conflicting claims for the certificates in question, and cannot be compelled in a summary proceeding to determine these claims at his peril by the delivery of the certificates to one claimant or the other. Even assuming the facts to be in accordance with the petitioners' claim that the appellant was acting as attorney for the petitioners and Irving Kaplan, the appellant in that event owes an equal duty to Irving Kaplan and the petitioners.  Irving Kaplan having paid $2,300 to the petitioners in part performance of a contract of purchase and sale of the certificates deposited, and the petitioners

having failed to return this amount, the latter certainly have not made out a *prima facie* case entitling them summarily to the return of the certificates. They should have been relegated to an action at law.

As was said by Judge POUND in *Matter of Bailey* v. *Rutherford* (242 N. Y. 220, 223): " The summary proceeding rests upon misconduct clearly established on the part of the attorney in retaining the client's money. In all cases the client has relief in the ordinary tribunals for the determination of legal controversies and where his right to have a summary order can be reasonably questioned he must be referred to the ordinary remedies."

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

MERRELL and PROSKAUER, JJ., concur; DOWLING, P. J., and McAVOY, J., dissent.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.