In the Matter of the Estate of EDWARD M. CROMWELL, Deceased

Surrogate's Court, New York County, June 5, 1933.

*Joseph W. Zeller*, for the administrator.

*Frank M. Wilcox*, respondent, in person.

DELEHANTY, S. On this application, a substitution of attorneys and the turnover of papers have already been granted and new counsel has for some months been in full charge of the proceedings in behalf of the administrator. The remaining questions under consideration are an application to require a refund by the former counsel of a portion of the fees heretofore paid him, and a further application to require such counsel to turn over the specific sum of $515.50 collected by him as the proceeds of a check alleged to be part of the assets of the estate. This court has undoubted power to supervise the conduct of attorneys for estate representatives in respect of the property and funds of the estate and may direct the refund by the attorney of any overpayment to him. (*Matter of Balazs*, 147 Misc. 95, and cases cited.)

On the proofs submitted to the court there is shown to exist a substantial controversy as to the extent of the services rendered and the reasonableness of the charge made. Equally there is substantial controversy respecting the circumstances preceding and attending the collection of the check referred to. As a matter of discretion the court has determined to remit the parties to an appropriate action at law and will not exercise its power to make a summary order in the circumstances. (*Matter of Bailey* v. *Rutherford*, 242 N. Y. 220; *Matter of Shanley*, 124 App. Div. 935; *Matter of Nellis*, 116 id. 94; *Matter of Hitchings*, 157 id. 392.) This disposition is without prejudice to the respective rights of the parties as they may be determined in such action, if initiated.