In the Matter of the Petition of EDWARD NATHAN, Petitioner, for an Order Determining and Enforcing His Attorney's Lien under and Pursuant to the Provisions of Section 475 of the Judiciary Law of the State of New York.

THE CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, March 2, 1942.

*Edward Nathan*, for the petitioner.

*William C. Chanler, Corporation Counsel* [*Edward A. Gobel* of counsel], for the respondent.

EDER, J. This is a motion by petitioner, an attorney and counselor at law, instituted in reliance on section 475 of the Judiciary Law, for an order fixing his attorney's lien upon the sum of $3,500, the amount of a settlement agreed upon by and between his client, one Laura J. Simpson, and the respondent, the city of New York, in connection with a claim made by said Laura J. Simpson against the city of New York for personal injuries. While the petitioner refers to his client as " plaintiff " and to the respondent as " defendant," this is a gratuitous designation, for the fact is that no action was ever instituted against the respondent, nor any other proceeding instituted, other than the filing of a notice of claim and notice of intention to sue, filed pursuant to section 394a–1.0 of the Administrative Code of the City of New York.

Section 475 of the Judiciary Law, entitled, " Attorney's lien in action, special or other proceeding," so far as here material, provides: " From the commencement of an action, special or other proceeding in any court or before any State or Federal department, except a department of labor * * * the attorney who appears for a party has a lien upon his client's cause of action, claim * * *. The court upon the petition of the client or attorney may determine and enforce the lien."

I regard it as clear that this section is no authority for the maintenance of this proceeding. The limitations expressed in the statute are a limitation upon the power of the court to act under it; the power of the court may be invoked in the enumerated instances only and in no others. Since no action was commenced, or a special proceeding, the right of the petitioner to apply under this enactment must then rest on a construction and interpretation of the phrase " or other proceeding." Assuming that there is included in this phrase a proceeding comprising a notice of claim and notice of intention to sue, and a subsequent settlement, nonetheless this provision would still be ineffectual to vest this court with jurisdiction to act in the case at bar, for the statute, it will be noted, limits the proceeding to any *State* or *Federal* department; the filing of a claim pursuant to the mentioned section of the Administrative Code of the City of New York is not such a proceeding as comes within the purview of section 475 of the Judiciary Law.

To grant the petitioner the relief sought would be in effect to entertain a mandamus proceeding to compel the respondent to make payment of a settled claim. Motion is denied.