**Ludovid DE LA PAZ, Plaintiff,**

v.

**COASTAL PETROLEUM TRANSPORT CO., Inc., Defendant.**

United States District Court
S. D. New York.
Dec. 16, 1955.

# 929

SUGARMAN, District Judge.

Plaintiff was injured aboard defendant's vessel on December 22, 1954 as a result of the alleged negligence of defendant and unseaworthiness of the vessel. He was not certified fit to resume his usual occupation until May 2, 1955.

On May 4, 1955 he retained in writing Bernard Rolnick, Esq., as his attorney to "prosecute and adjust" his claim against defendant, agreeing to pay the said attorney a contingent fee of forty percent of any sum received.

However, before retaining Mr. Rolnick, plaintiff had retained Entes & Entes, Esqs., who had commenced a suit on the same claim against the defendant in the Eastern District. After Mr. Rolnick's retainer, the Eastern District suit was voluntarily dismissed by the plaintiff. Apparently no definite arrangement resulted from negotiations between Entes & Entes and Mr. Rolnick as to the lien of the former.

On November 11, 1955 plaintiff advised Mr. Rolnick by letter that he was discharged as plaintiff's attorney.

For many years prior to the date of Mr. Rolnick's retainer (May 4, 1955) and until August of 1955, there was employed in Mr. Rolnick's office a lawyer, Clara Fischer, Esq. It appears that Mrs. Fischer was in charge of the plaintiff's case while she was employed in Mr. Rolnick's office.

On November 14, 1955 Mrs. Fischer wrote Mr. Rolnick that she had been retained by plaintiff and requested that all papers in Mr. Rolnick's possession be turned over to her.

No suit was commenced on behalf of the plaintiff in this district until November 21, 1955 when a complaint was filed on plaintiff's behalf by Mrs. Fischer. On the same day plaintiff, upon his affidavit and that of Mrs. Fischer, moved for an order compelling Mr. Rolnick "to turn over all documents, including correspondence, memoranda and reports, medical reports, and any other data made or re-

Clara Fischer, New York City, for plaintiff.

Bernard Rolnick, New York City, pro se.

**930**

ceived by him relating" to the plaintiff's claim.

In the meantime, Mr. Rolnick claims to have negotiated a $2,900 settlement, first offered on October 5, 1955 subject to confirmation by defendant's underwriters. It was orally confirmed to Mr. Rolnick by the underwriters' representative by telephone on November 15, 1955. On that day Mr. Rolnick so advised the plaintiff by telephone and telegram. The settlement was later confirmed by letter of the underwriters' representative to Mr. Rolnick on November 23, 1955.

In opposition to the instant motion, Mr. Rolnick asks "that fees should be allowed herein" of forty percent of $2,900, to wit, $1,160, and reimbursement of expenses of $46.03, making a total of $1,206.03. His affidavit in opposition sets forth a schedule of the services which he claims he performed in the plaintiff's behalf herein. The reply affidavits of Mrs. Fischer and the plaintiff challenge the recital of these services by Mr. Rolnick. The court has, since the argument of the instant motion, received a letter from Entes & Entes requesting that they "be afforded an opportunity to file an affidavit showing [their] services rendered to the plaintiff so that [their] lien may be fixed herein".

Were this the usual situation where an attorney who commences a suit on behalf of a plaintiff and is thereafter discharged meets his former client's demand for a surrender of the papers in the attorney's possession, by asserting his charging lien on the ultimate recovery and his retaining lien on those papers, it would pose no problem. In such case the court has ample authority itself, or after a reference to a master, to summarily fix the value of the attorney's services and decree the recovery subject to a charging lien therefor or the papers held by the attorney subject to his retaining lien and order their sur-

render upon payment of the sum so fixed or security therefor.[1] But it is not.

The substantive law of this case is New York Judiciary Law, § 475, McK.Consol.Laws, c. 30, and the common law of New York. Under the language of that statute, it is apparent that Mr. Rolnick has no charging lien against the ultimate recovery in the case. The section makes such a lien conditioned upon the "commencement of an action" and establishes the lien in favor of "the attorney who appears for a party". Mr. Rolnick, having never commenced an action and having never appeared for the plaintiff, has no statutory charging lien on any recovery by suit or settlement which the plaintiff may obtain.[2] Nor did Mr. Rolnick acquire a charging lien prior to suit under New York Judiciary Law § 475–a because he never served the notice required thereby. Had he done so, this court would have acquired ancillary jurisdiction as soon as the plaintiff filed his complaint herein even though through another attorney.

Mr. Rolnick does, however, have a common law retaining lien on any papers in his possession.

A retaining lien cannot be actively enforced except as an incident to a proceeding brought for another purpose.[3]

The question is thus posed: (a) May plaintiff De La Paz have a summary direction in a suit commenced by him against defendant Coastal, wherein Mrs. Fischer is his original counsel, that Mr. Rolnick, his lawyer prior to such suit, be directed to turn over to Mrs. Fischer papers pertinent to De La Paz's claim and (b) may Mr. Rolnick's retaining lien against those papers be fixed therein?

No statute or case authority has been found nor has any been cited which indicates that on these facts this court has jurisdiction to make the disposition sought.

---

1. In re Badger, 2 Cir., 9 F.2d 560.

2. Ader v. Purcell, 194 Misc. 540, 87 N.Y.S. 2d 164; Petition of Na'than, 178 Misc. 226, 33 N.Y.S.2d 612; In re McCrory Stores Corporation, D.C.S.D.N.Y., 19 F. Supp. 691.

3. 7 C.J.S., Attorney and Client, § 233, p. 1199.

Jurisdiction lacking, the plaintiff's motion, Mr. Rolnick's application that his lien be determined and the request of Entes & Entes that they be heard on the extent of their lien are denied.

It is so ordered.