## In the Matter of Vivian A. Cox, Respondent, against Clifford A. Scott, Appellant.

First Department, February 23, 1960.

*Henry R. Williams* for appellant.

*Philip Bramnick* for respondent.

*Per Curiam.* Involved on this appeal is whether, in a special proceeding, Special Term exceeded its jurisdiction in requiring an attorney to turn over to his former client funds which the attorney received and claims as his fee under a contingent retainer agreement.

The client brought the proceeding, purportedly pursuant to section 475 of the Judiciary Law, to require the attorney to

turn over property allegedly belonging to him. Special Term referred the issues to an Official Referee to take testimony and report.

At the hearing it was established that the client was about 75 years old and " a man of retarded intellect or slow in comprehending ". He had been employed as a railroad porter for some 30 years, and his wife had managed all their household affairs, including the banking of his earnings not required for their living expenses.

After the death of his wife and son, the client was destitute and retained the attorney to locate the funds which he believed his wife had deposited in a savings bank. The attorney prepared and caused his client to sign a retainer agreement, duly acknowledged, under which the attorney was to receive 15% of the money discovered. Some $18,000 was located in a neighboring savings bank and, under the retainer agreement, the attorney kept $2,706.64.

The Referee noted that a few letters or telephone calls would have located the deposits and concluded that the reasonable value of the services rendered was $500. Special Term confirmed the Referee's report, found the fee to be excessive to the extent of $2,206.34, and directed the attorney to pay this sum to the client.

The purpose of section 475 of the Judiciary Law was to furnish security to attorneys by giving them a charging lien upon the subject of an action, special or other proceeding (*Morgan* v. *Drewry, S. A. R. L.,* 285 App. Div. 1, 4). Since no action or proceeding was to be commenced in this case, the statute may not be invoked here (*Ader* v. *Purcell,* 194 Misc. 540; *Matter of Nathan,* 178 Misc. 226; *De La Paz* v. *Coastal Petroleum Transp. Co.,* 136 F. Supp. 928, 930; cf. 7 C. J. S., Attorney and Client, §233, respecting the enforcement of general retaining liens).

It does not follow, however, that the court lacked jurisdiction to act summarily. It has inherent power to compel an attorney to restore assets, moneys, or papers of the client received or retained in violation of his professional obligations (*Matter of Niagara, Lockport & Ontario Power Co.,* 203 N. Y. 493, 496–497; *Matter of H———,* 87 N. Y. 521; *Matter of Knapp,* 85 N. Y. 284). Contingent retainer agreements have long been subject to the supervision of the court as to their reasonableness, and fees charged thereunder have been found unconscionable as a matter of fact or as a matter of law (*Gair* v. *Peck,* 6 N Y 2d 97, 106–107 and cases cited, appeal dismissed 361 U. S. 374).

Ordinarily the court will not entertain a summary proceeding to test the fairness of a retainer agreement, especially where the issues of fact are close, but will remit the client to his remedy at law (*Matter of Bailey* v. *Rutherford*, 242 N. Y. 220; *Matter of Jeffries*, 219 N. Y. 573; *Matter of Braunstein* v. *Rosenthal*, 250 App. Div. 632; *Matter of Pohs*, 243 App. Div. 709). In an extraordinary case, however, where the evidence is clear and convincing that there has been overreaching or other serious misconduct, the court will not hesitate to exercise its summary procedure and discretion (*Matter of Long*, 287 N. Y. 449, revg. 261 App. Div. 456; *Matter of Bucken* v. *Busch*, 203 App. Div. 717; 7 C. J. S., Attorney and Client, *supra*, § 159; cf., *Egan* v. *McLaughlin*, 2 A D 2d 771, mod. 2 A D 2d 862; but see, *Matter of Rosenberg*, 263 N. Y. 357).

The proof in this case amply demonstrated that the fee was grossly excessive and that the client was palpably unable to protect his own interests in dealing with the attorney. Moreover, only two months after the execution of the retainer agreement, the attorney prepared papers for another person in an unsuccessful attempt to have the client adjudicated an incompetent. At that time, the attorney still had an additional $3,000 of the client's money which, he says, he was holding pursuant to the client's instructions to turn over to an alleged son of the client residing in Florida. The $3,000 was returned to the client by two installment payments only after the client had retained another attorney.

Under the circumstances, Special Term was justified in permitting the attorney to retain only $500 of the client's moneys that had come into his hands and require the return of the balance. In fixing the sum of $500 the court was entitled to assess, for purposes of the summary proceeding, the value of the services rendered.

Accordingly, the order appealed from should be affirmed, on the law and the facts and in the exercise of discretion, with costs to petitioner-respondent.

BOTEIN, P. J., BREITEL, RABIN, M. M. FRANK and VALENTE, JJ., concur.

Order unanimously affirmed on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to petitioner-respondent.