■ ISAAC PERLSTEIN, Respondent, v RAE PERLSTEIN, Respondent, and RAOUL L. FELDER, Appellant. — Order of the Supreme Court, New York County (Gomez, J.), entered December 30, 1980, which referred "[t]he issues of reasonable counsel fees or, for the return of a portion of [Felder's] counsel fees [to Felder]" to a referee to hear and report with recommendations, unanimously reversed, on the law, without costs, and the motion denied. In the continuing litigation before us, Klein, J., on March 21, 1979 had awarded custody of a child to respondent mother, and also determined that appellant was entitled to $3,500 as counsel fees (a sum which respondent father had deposited with the Finance Commissioner of the City of New York). On July 3, 1980 this court modified Justice Klein's order (76 AD2d 49), the declaration of custody was vacated, the petition reinstated and a new trial ordered on the issue of custody. On appellant's motion for payment of his counsel fees, Special Term (Gomez, J.) ordered the reference above mentioned. While orders directing references are generally not appealable (7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.16), this appeal is properly before this court (see, generally, *Matter of Cox v Scott,* 10 AD2d 32). Special Term should have decided the merits of Felder's claim, and to order a reference was an error. No further evidence was necessary. Special Term had before it all the information regarding the trial and the appeal. In these circumstances it was inappropriate for Justice Gomez to substitute his judgment for Justice Klein's. Justices Gomez and Klein are Justices of the same court. Although Justice Klein's order was also addressed to a custody issue, the determination of that issue was not required before appellant Felder could collect his fees. Justice Klein in determining counsel fees, apparently took into account all of the criteria: the merits of the action *(Wood v Wood,* 21 AD2d 627), the amount of work involved, and counsel's skill and experience *(Silver v Silver,* 63 AD2d 1017). Mr. Felder was not required to await the outcome of further legal issues before he would be able to collect his fees. Awarding counsel fees is a discretionary act, and the merits of the action is but one of the criteria considered. The current proceedings amount to a collateral attack in the lower court upon this court's ruling modifying Judge Klein's order of custody and awarding a new trial. Settle order with appropriate notice to finance commissioner. Concur — Kupferman, J. P., Birns, Sandler, Sullivan and Carro, JJ.

■ RHODES MANAGEMENT Co., INC., Appellant, v JOHN J. SWEENEY, as President of Local 32B-32J, Service Employees International Union, AFL-CIO, Respondent. — Appeal from an order of the Supreme Court, New York County (Gable, J.), entered on March 28, 1980, unanimously dismissed as moot, without costs and without disbursements. No opinion. Concur — Kupferman, J. P., Birns, Sandler and Bloom, JJ.